UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CR-00131 |
| | ) | |
| PRYA REH a/k/a/ PRAY REH a/k/a KAH LAY, | ) ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) ) | |

## INTRODUCTION

Reh, a then 23-year-old man, sexually exploited and sexually abused a vulnerable 12-year-old, Minor Victim #1 in late 2022. He exchanged volumes of sexually charged messages with Minor Victim #1. He solicited sexually explicit photos from Minor Victim #1. He had sex with Minor Victim #1 on two separate dates. He drove Minor Victim #1 from her hometown in Minnesota to Des Moines for sex where he stowed her away in his basement for a day—actively seeking to conceal her whereabouts from the minor's guardian and police. And Reh—a convicted felon—possessed numerous guns. This is exceptionally serious conduct by a defendant who has prior convictions for carrying a concealed weapon, domestic abuse, and felony theft.

## SENTENCING CALCULATION & OBJECTIONS

### A.   Guidelines Calculation & Other Matters

There are no material factual disputes relating to the PSR. The government agrees with the guidelines calculation set out in the PSR: total offense level 42 with

a criminal history category IV, 360 months to life in prison. Defendant agrees with that criminal history category and advisory range, but asserts that the total offense level is 40, contending that a two-level enhancement for "knowingly engaged in distribution" of CSAM under §2G2.1(b)(3) should not apply because Defendant distributed the image of CSAM to Minor Victim #1, not a third party. (See Deft. Objections at R. Doc. 40, ¶¶ 6-7, 17.)

This two-level enhancement plainly applies. The enhancement applies "if the defendant knowingly engaged in distribution." USSG §2G2.1(b)(3). The commentary provides "the defendant knowingly engaged in distribution if the defendant . . . knowingly committed the distribution." USSG §2G2.1(b)(3), comment. (n.1). The commentary defines "distribution" to be "<u>any act</u>, including . . . transmission . . . <u>related to the transfer of material involving the sexual exploitation of a minor</u>." *Id.* (underline added)  Here, Reh took a close-up photo of Minor Victim #1's bare vagina using Reh's cell phone while he was sexually exploiting the minor in Des Moines. (R. Doc. 41 at ¶28, hereafter PSR)  After the minor returned to her home in Minnesota, Reh texted that image to the minor to mock and harass her because the minor declined Reh's requests that she send him explicit photos of herself. *Id.* Simply put, this is a transmission related to the transfer of material involving the sexual exploitation of a minor. The government has not located any authority to indicate that the enhancement is inapplicable simply because the exploited child depicted in the image is also the person to whom defendant distributed the image.

A mandatory minimum of 120 months and statutory maximum of life applies

because the offense of conviction is Enticement of a Minor, 18 U.S.C. §2422(b).

The victim has not requested restitution. The government does not request a restitution order.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 360 MONTHS**

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The government will ask the district court to sentence the Defendant based upon an advisory range of 360 months to life. The government recommends 360 months to be followed by a seven-year term of supervision.

The offenses committed by Reh are of the most serious kind. Reh found a 12-year-old Minnesota child online in the fall of 2022. (PSR ¶¶ 13-14.) He knew she was 12. (Id.) Quickly Reh made plans to drive from Des Moines to her Minnesota town, intending to engage in sex acts with the child. (PSR ¶ 15.) Reh picked the child up

from her middle school, drove her to a local motel, and engaged in sex acts with the child—including intercourse. (PSR ¶¶ 17-18.) After returning to Des Moines, Reh sent sexually explicit messages to the child confirming his illegal conduct in Minnesota and telling the child what specific sex acts he desired from her. (PSR ¶¶ 19-23.) Days later, Reh made plans for Reh to drive from Des Moines to Minnesota to meet the child and bring her to Des Moines for sex. (PSR ¶ 24.) Reh made good on those plans. He drove the child to Des Moines on Friday, November 18 and secreted her in his basement bedroom—having sex with her Friday night and Saturday. (PSR ¶ 25.) As part of the trip, Reh instructed the child to turn off her phone so her father could not see her location. (PSR ¶ 26.) The child's guardian did not know where the child was. When Minnesota police called the child on Saturday, the child asked Reh what to do. Reh told her not to call the police back and to delete Reh's text. (PSR ¶ 26.) Reh continued his explicit and coercive communications with the child after returning the child to Minnesota. He pushed her to agree to sex acts in the future even though the child protested (PSR ¶ 31), pressured the child to agree to get pregnant when she turned 16 (PSR ¶ 32), and told the child he was coming to Minnesota again for sex despite the child indicating she did not want him to come (PSR ¶ 35).

But Reh's conduct was not limited to the serious federal offenses of enticement of a minor, interstate travel with intent to engage in a sexual act with a minor, and interstate transportation of a minor with intent to engage in criminal sexual activity. Reh also produced child pornography and solicited child pornography. Specifically,

4

Reh created an image of CSAM depicting the child. (PSR ¶ 28.) Reh later texted the child the photo, mocking and degrading the child in his comments after she told him to stop. (PSR ¶ 28.) Reh also repeatedly asked the child to send Reh pictures of the child's genitals. (PSR ¶¶ 29-30.) And Reh, a convicted felon, possessed multiple firearms, including a loaded pistol with an extended magazine. (PSR ¶¶ 36-39.)

A sentence of 360 months is necessary to reflect the seriousness of the offense conduct, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public from further crimes.

## CONCLUSION

This Court should sentence the Defendant to 360 months of imprisonment with seven years of supervised release to follow.

    Respectfully submitted,

    Richard D. Westphal
    United States Attorney

By: */s/  Adam J. Kerndt*
    Adam J. Kerndt
    Assistant United States Attorney
    U.S. Courthouse Annex
    110 East Court Avenue, Suite 286
    Des Moines, IA 50309
    Tel: (515) 473-9300
    Fax: (515) 473-9292
    Email:  Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2024, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail  _____ Fax  _____Hand Delivery

  X   ECF/Electronic filing      ___Other means

UNITED STATES ATTORNEY

By: /s/ Adam J. Kerndt_____
       Assistant U.S. Attorney